UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAHVED MALIK LILLACALENIA                                              PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:13CV-1202-H

EMPLOYMENT AND TRAINING OFFICE *et al.*                                DEFENDANTS

**MEMORANDUM OPINION**

By Order entered January 7, 2014, the Court granted Plaintiff Dahved Malik Lillacalenia's application to proceed *in forma pauperis* (DN 4). On February 13, 2014, the U.S. Postal Service returned Plaintiff's copy of the Order to the Court (DN 5). The envelope was marked "Return to Sender; Attempted - Not Known; Unable to Forward," and a handwritten notation indicated, "Does not live at this address."

Apparently, Plaintiff no longer lives at his address of record. Upon filing the instant action, however, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order for lack of prosecution.[1]

Date:

cc: Plaintiff, *pro se*
4412.005

---

[1] While normally the Court would wait a month to see whether a plaintiff files a notice of change of address, in another case filed by Plaintiff (No. 3:13CV-1212-R), an Order sent to him was returned by the U.S. Postal Service on January 3, 2014 (DN 5). Because Plaintiff did not file a change of address in over 30 days, the Court dismissed the action for failure to prosecute by Memorandum Opinion and Order entered February 12, 2014 (DNs 6 & 7). Thus, Plaintiff has had well over a month to change his address of record but has not done so.